IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **JOHN GAWRON, III**, | |
| Plaintiff, | Case No. 2:20-CV-5339 |
| v. | Judge Graham |
| **BELMONT COUNTY SHERIFF'S DEPT., ET AL.**, | Magistrate Judge Jolson |
| Defendants. | |

**OPINION AND ORDER**

Pending before the Court is Plaintiff John Gawron, III's motion for reconsideration, Doc. 42. Gawron claims to be the victim of allegedly unconstitutional conduct while awaiting resolution of criminal charges at Belmont County, Ohio Jail (BC Jail). In an opinion and order dated July 14, 2022, the Court granted Defendant Belmont County, Ohio summary judgment on Gawron's § 1983 claim, finding that Gawron failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 USC § 1997e(a) *et seq*. Gawron asserts that the Court committed clear error by overlooking a critical factor – COVID 19. He argues that his failure to exhaust can and should be excused because some of the incidents on which he bases his claims occurred during the COVID-19 pandemic.

For the following reasons, Gawron's motion for reconsideration, Doc. 42, is **DENIED**.

**I.    Background**

This case stems from the conditions of confinement Gawron experienced while being housed at BC Jail on three occasions: (1) October 11, 2018 to December 13, 2018; (2) September 6, 2019 to September 11, 2019; and (3) December 23, 2019 to March 23, 2020. The bulk of Gawron's complaints focus on his first stay at BC Jail. He asserts during that stay he was shackled

1

to a holding cell door for two days and a metal bench for roughly two weeks and was denied adequate access to drinking water, a shower, a phone, a bathroom, and recreation time.

Other complaints transcend Gawron's first visit at BC Jail. He asserts he was deprived of his medications from October 11, 2018 to November 17, 2018 and again from December 23, 2019 to March 23, 2020. Finally, he alleges that at various unspecified times during his confinement he was subject to verbal and physical abuse and theft from other inmates as a result of corrections officers' indifference or neglect.

Gawron filed a complaint on October 10, 2020, asserting, as pertinent to the pending motion, that BC Jail and the Belmont County Sheriff, David M. Lucas, in his official capacity, violated his civil rights under 42 U.S.C. § 1983. In an opinion and order dated July 14, 2020, the Court dismissed his complaint without prejudice, finding that Gawron failed to exhaust BC Jail's administrative remedies as required by the PLRA. More specifically, the Court found that BC Jail's administrative remedies require a grievance be submitted in writing and such remedies were available to Gawron even though he has since been transferred to a prison. Gawron now argues that the Court committed clear error because BC Jail's administrative remedies were unavailable to him because of the COVID-19 pandemic.

## II. Standards of Review

Gawron requests reconsideration of the Court's grant of summary judgment in favor of Defendant Belmont County, Ohio. Courts may reconsider interlocutory judgments at any time before final judgment. *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 Fed. App'x 949, 952 (6th Cir. 2004) (citations omitted). Reconsideration is proper under three circumstances: (1) when there is an intervening change in controlling law; (2) when new evidence is available; or (3) when reconsideration is required to correct a clear error or prevent manifest injustice. *Id.* at 959.

### III. Analysis

The PLRA provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or by any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Prisoners need only exhaust "available" remedies. *Ross v. Blake*, 578 U.S. 632, 642 (2016). Remedies are unavailable when they "operate[] as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates." *Id.* at 643 (citation omitted).

Gawron argues for the first time on reconsideration that BC Jail's administrative remedies were unavailable because of the COVID-19 pandemic. His only support for this proposition is this Court's opinion in *Smith v. DeWine*, 476 F. Supp. 3d 635 (S.D. Ohio 2020). He reads *Smith* to stand for the proposition that "if the alleged violations of an inmate occurred during the state of emergency declared by Governor Mike DeWine because of the COVID-9 [sic] pandemic, an exception could be made to the exhaustion requirement of the PLRA." Doc. 42 at 3 (citing Smith, 476 F. Supp. 3d at 656).

In *Smith*, four prisoners sued on behalf of themselves and a class of prisoners alleging that Ohio's prison conditions violated the United States and Ohio Constitutions in light of the COVID-19 pandemic. *Smith*, 476 F. Supp. 3d at 642-43. At the motion to dismiss stage, the Court noted that "some courts have considered the irreparable harm and time-sensitive nature prisoners face in light of the virus and find grievance procedures unavailable and thus, exhaustion not required." *Id.* at 656 (citation omitted). In other words, some courts were excusing the PLRA's exhaustion requirement if administrative remedies were inadequate to timely address grievances concerning the rapidly spreading pandemic. Finding conflicting case law and noting that defendant has the

3

burden to prove plaintiff failed to exhaust, the Court concluded that "the Court does not believe the Director has upheld her burden of showing that the Plaintiffs failed to exhaust their administrative remedies and that doing so would not be a dead end in light of the pandemic." *Id.* at 657.

Gawron's reliance on *Smith* is misplaced. Contrary to Gawron's understanding, *Smith* did not create a blanket exhaustion exception for misconduct that occurred during the COVID-19 pandemic. It merely found that exhaustion of grievances related to COVID-19 might be a dead end where the grievance process cannot timely respond to the rapidly spreading and highly dangerous pandemic. Gawron does not allege grievances related to the COVID-19 pandemic. Moreover, the bulk of Gawron's allegations involve incidents that occurred in late 2018, over a year before Ohio declared a state of emergency.[1] He offers no explanation for why he failed to address those grievances through administrative remedies prior to the state of emergency being declared.

In his reply brief, Gawron suggests BC Jail's administrative remedies were more broadly unavailable. He asserts "[o]ther than a verbal communication to the guards, Mr. Gawron had no other method of submitting a grievance while being chained to a bench, and therefore any other method of administrative relief was a dead end." Doc. 44 at 3.

Inclusion of new arguments in reply briefs can violate Fed. R. Civ. P. 56(c)'s requirement of notice and a reasonable opportunity to respond. *See Eng'g & Mfg. Servs., LLC v. Ashton*, 387 F. App'x 575, 583 (6th Cir. 2010). Regardless, Gawron's broader argument also fails. Gawron cites to no record evidence to support his assertion that he was denied writing materials with which to

---

[1] Governor DeWine declared a state of emergency in Ohio on March 9, 2020. State of Ohio Executive Order 2020-01D.

file a grievance. In fact, the record suggests the opposite to be true. The record contains an affidavit of Stan Galownia, Jail Administrator of BC Jail, which provides that "paper and writing materials will be made available to the inmate upon request for purposes of preparing a written grievance." Galownia Decl. at ¶ 32 (citing Jail Policy 12.10). And Gawron's deposition testimony suggests that BC Jail does provide written material upon request. Gawron admits he was provided a pen to complete at least a dozen requests for medication. Gawron Dep. 96:17-21.

Even assuming that Gawron could not have submitted a grievance while chained to a bench, this does not excuse his failure to submit a grievance. He offers no explanation for not submitting a grievance in the over 100 days he was incarcerated at BC Jail and not chained to a bench or while he was incarcerated at other jails and prison.[2] Moreover, Gawron's argument that he could only submit grievances through "verbal communications to guards" is patently inaccurate. Gawron had a discussion with Sheriff Lucas on at least one occasion. *Id.* at 39:11-17. Instead of taking the opportunity to raise his grievances directly to the Sheriff, Gawron decided to only discuss a spat he had with another inmate. *Id.* at 39:19-40:4.

Gawron's unsupported assertions that COVID-19 or being chained to a bench prevented him from exhausting administrative remedies are inadequate to create a genuine issue of material fact. Fed. R. Civ. P. 56(c) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ."); *Simmons v. Oja*, No. 2:18-CV-00091, 2020 WL 4756494, at *5 (W.D. Mich. July 24, 2020), report and recommendation adopted, No. 2:19-CV-91, 2020 WL 4747838 (W.D. Mich. Aug. 17, 2020) ("Because the record is devoid of evidence showing that [plaintiff] is excused from the PLRA's exhaustion requirement

---

[2] The Court held in its July 14, 2022 Opinion and Order that BC Jail's administrative remedies were available to Gawron even after he was transferred.

5

under *Ross*, 136 S.Ct. at 1859-60, the undersigned concludes that [plaintiff] is not excused and that there is no genuine issue that he failed to exhaust his claim against [defendant]."). Therefore, Gawron has failed to show that the Court clearly erred in granting summary judgment in Belmont County, Ohio's favor and reconsideration is not warranted.

### IV. Conclusion

Gawron alleges he was chained to a bench for weeks and incarcerated during a state of emergency for fourteen days. While the Court acknowledges these difficulties, there is no evidence in the record showing that they rendered BC Jail's administrative remedies unavailable. Moreover, these difficulties were present only during a small portion of Gawron's incarceration. There is no evidence that the remedies were unavailable during the rest of his 159-day incarceration at BC Jail or that the remedies were unavailable leading up to the filing of the present suit. In sum, the Court maintains that Gawron failed to exhaust administrative remedies are required by the PLRA and his motion for reconsideration, Doc. 42, is **DENIED**.

Previously, the Court ordered Gawron to show cause why the John Doe defendants, who remain unidentified despite discovery being complete, should not be dismissed by July 28, 2022. Gawron made no such showing. Therefore, the John Doe Defendants, the only defendants remaining in this case, are dismissed. The Clerk is directed to enter final judgment.

**IT IS SO ORDERED**.

s/ James L. Graham
JAMES L. GRAHAM
United States District Judge

DATE: September 14, 2022